UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| JEFFREY L. SMITH, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CAUSE NO. 3:09-CV-81-TS |
|  | ) |  |
| DAINE MALFESE, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**OPINION AND ORDER**

Jeffrey L. Smith, a prisoner, submitted a *pro se* Complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6), which provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts to state a claim for relief that is plausible on its face and also must state sufficient facts to raise the right to relief above the speculative level. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. In deciding whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In order to state a claim under § 1983 a plaintiff must allege that: (1) the defendants deprived him of a federal constitutional right; and (2) the defendants acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Smith alleges that the Defendants, who hold various positions within the Indiana Department of Corrections, violated his Eighth Amendment right to be free from cruel and unusual punishment by failing to correct his prison classification record. Specifically, he claims that there is an inaccurate rape charge listed on his record that was committed by another "Jeffrey Smith" with a different middle initial. He alleges that the Defendants have failed to correct this clerical error, and that as a result, he has been involved in three different fights "because inmate[s] think I'm a rapist." [Complaint, DE 1 at 4.]

An Eighth Amendment claim must satisfy two elements: (1) objectively, the injury must be sufficiently serious to deprive the prisoner of the minimal civilized measures of life's necessities; and (2) subjectively, the prison official must have acted with "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* However, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). Deliberate indifference is a high standard and requires that the defendant acted with "the equivalent of criminal recklessness." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir.

2

1991). Negligence, even gross negligence, does not satisfy the deliberate indifference standard, nor is it enough to show that a prison official merely failed to act reasonably. *Guzman*, 495 F.3d at 857.

As an initial matter, the Court notes that this is the second time that Smith has raised essentially this same claim involving the alleged clerical error, albeit against a different group of defendants and involving a slightly different time period. *See Smith v. Donahue, et al.*, No. 3:08-cv-341-JTM (N.D. Ind. filed Feb. 26, 2009). That case was dismissed for failure to state a claim. Here again, Smith has not alleged, nor is it reasonable to infer from the factual allegations set forth in the Complaint, that the Defendants acted with deliberate indifference in failing to correct the alleged clerical error on his record. At most, Smith has alleged that the Defendants were negligent or not acting reasonably when they failed to correct the error, which does not suggest that they condoned any attack on him or state an Eighth Amendment claim. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

To the extent Smith is claiming that the Defendants falsely labeled him as a rapist, this is in essence a claim for slander or defamation which is not actionable under § 1983. *See Paul v. Davis*, 424 U.S. 693, 712 (1976); *Hernandez v. Joliet Police Dep't*, 197 F.3d 256, 262 (7th Cir. 1999). Therefore, Smith's allegations do not state a claim for which relief can be granted.

For the foregoing reasons, the court **DISMISSES** the Complaint pursuant to 28 U.S.C. § 1915A.

SO ORDERED on November 6, 2009.

            s/ Theresa L. Springmann
           THERESA L. SPRINGMANN
           UNITED STATES DISTRICT COURT
           FORT WAYNE DIVISION